IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANITA HARRIS, individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | |
| v. | Case No. 21-CV-01040-SPM |
| **KELLOGG SALES COMPANY,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Anita Harris filed a proposed class action Complaint alleging that the labelling for Kellogg's Strawberry Pop-Tarts is misleading because the filling contains other fruits. (Doc. 1 at 7.) Pending before the Court is Defendant Kellogg Sales Company's Motion to Dismiss the Complaint and memorandum in support. (Docs. 12, 13.) Harris filed a response to the Motion (Doc. 15) and Kellogg's replied. (Doc. 16.) For the reasons set forth below, the Court grants the Motion.

### FACTUAL & PROCEDURAL BACKGROUND

The following facts are taken from Harris's Complaint and the Court views them as true for the purposes of this Motion. Kellogg's manufactures, labels, markets, and sells toaster pastries labeled as "Frosted Strawberry" under the Pop Tarts brand (Doc. at 1). Harris purchased the pastries "on one or more occasions . . . at stores including Walmart" in Cahokia, Illinois in 2020 and 2021. (*Id.* at 13.) Kellogg's only promotes the strawberry content of the pastries in its labelling on the front of the box:



. (*Id*. at 1, 13.) The back of the box lists the pastries' ingredients:

. (*Id*. at 7.)

The pastries' description as "Frosted Strawberry – Toaster Pastries," is false, misleading, and deceptive because they contain a relatively significant amount of

non-strawberry fruit ingredients, specifically pears and apples. (*Id.* at 7.) To trick the consumer into thinking that there was a higher concentration of strawberries in the filling, the filling contained red synthetic food coloring. (*Id.* at 11.) The pastries were sold at a higher compared price than they "would otherwise be sold for, absent the misleading representations and omissions." (*Id.* at 12.) Harris would not have purchased the pastries or paid as much if she had known about the lack of strawberry content and, as a result, she suffered damages. (*Id.* at 15.)

Harris claimed that Kellogg's engaged in deceptive business practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), *see* 815 ILCS 505/1; breach of warranty; negligent misrepresentation; fraud; and unjust enrichment.

## Legal Standard

In analyzing a motion to dismiss for failure to state a claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether or not the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court of Appeals for the Seventh Circuit has explained that "'[p]lausibility' is not a synonym for 'probability' in this context, but it asks for 'more than a sheer possibility that a defendant has acted unlawfully.'" *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [the] [f]actual allegations must be

enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## ANALYSIS

ICFA "is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive practices." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010) (citation and internal quotation marks omitted). In order to state a claim under ICFA, a plaintiff must allege: (1) deceptive or unfair conduct occurred, (2) the defendant intended for plaintiff to rely on the conduct, (3) the act occurred in the course of conduct involving trade or commerce, (4) the plaintiff sustained actual damages, and (5) the damages were proximately caused by the defendant's conduct. *Id.* "A court may dismiss the [ICFA] complaint if the challenged statement was not misleading as a matter of law." *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015) (citing *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 940 (7th Cir. 2001)).

This case is substantially similar to a case this Court previously dismissed, *Floyd v. Pepperidge Farm, Inc.*, 2022 WL 203071 (S.D. Ill. Jan. 24, 2022). In that case,

the plaintiff claimed that the packaging for Pepperidge Farm's "Golden Butter" crackers was misleading because "even though the [crackers] contain butter," they also contained a "non-de minimis amount of butter substitutes – vegetable oils." *Id.* at *1 (internal quotation marks and citation omitted). The plaintiff claimed that "she wanted to consume a cracker which contained more butter than it did and did not contain butter substitutes where butter could be used." *Id.* (internal quotation marks and citation omitted). Injecting some common sense into the matter, this Court dismissed the plaintiff's ICFA claims, reasoning that there were no "untruths on the packaging" or deception because the crackers were golden-colored and contained butter. *Id.* at *4.

Here, like in *Floyd*, even viewing all of the allegations in the amended complaint in a light most favorable to Harris, the Kellogg's Strawberry Pop-Tarts label is, on its face, not deceptive, nor does it lead to consumer confusion more generally. The front of the pastries' packaging did not make a claim regarding the amount of strawberry contained in the pastries' filling and Harris conceded that the filling does contain some strawberries. "What matters most is how real consumers understand and react to the advertising." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 476 (7th Cir. 2020). "[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified." *Id.* at 477. Harris's interpretation of the pastries' label is unreasonable and not grounded in the reality of how the public understands and reacts to product advertising. Accordingly, relief is foreclosed and Harris's claim under ICFA is dismissed with prejudice.

Harris's remaining claims rely on the same theory of deception and would impose the same labelling requirement. Therefore, all of Harris's remaining claims are also dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Kellogg Sales Company's Motion to Dismiss (Doc. 12). Harris's Complaint is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED:   May 24, 2022**

>                               *s/ Stephen P. McGlynn*
>                               **STEPHEN P. McGLYNN**
>                               **U.S. District Judge**